**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KARL B. MANUEL,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>Defendants. | ) | C.A. No. 24-277-UNA |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF**

Defendants Delaware Department of Corrections, Matthew Mucha, Marcus Davis, John Kirlin, Kenneth Hammond, Robert Heishman, Richard Parsons, John Faulkner, Orlando Dejesus, Brendin Mote, and Jeffrey Sutton (collectively, the "Defendants") hereby requests that Plaintiff Karl B. Manuel ("Plaintiff" or "Manuel") fully answer, in writing and under oath, each of the following interrogatories within 30 days of receipt pursuant to Federal Rules of Civil Procedure ("FRCP") 33.

**DEFINITIONS**

"Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

"Complaint" shall mean the complaint filed in the above-captioned action on January 23, 2024. (D.I. 1.1).

"Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

"Defendants" shall mean Defendants Delaware Department of Corrections, Matthew Mucha, Marcus Davis, John Kirlin, Kenneth Hammond, Robert Heishman, Richard Parsons, John Faulkner, Orlando Dejesus, Brendin Mote, and Jeffrey Sutton as identified in the Complaint.

"Document" or "documents" shall have the meaning set forth in FRCP 34(a), and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

"Identify" when used with respect to a person means to provide the following information:

the name, telephone number, and residential address of the person; and

the name of the present employer, place of employment, business and job title of the person.

"Identify" when used with respect to an entity means to provide the following information:

the name, telephone number and address of the entity; and

the name of the entity's owners, principals, officers, and/or partners.

"Identify" when used with respect to a document means to provide the following information:

the nature of the document (e.g., letter, contract, memorandum, etc.);

the date of the document;

the preparer and/or source of the document and all recipients of the document;

the substance in detail of the document; and

each person who now has custody, possession or control of the document.

"Identify" when used with respect to a communication means to provide the following information:

the date of the communication;

whether the communication was oral or written;

any person who sent, received, or had knowledge of the communication;

the substance in detail of the communication; and

any document embodying the communication.

"JTVCC" shall mean James T. Vaughn Correctional Center.

"Person" refers to any individual, corporation, partnership, association or other entity.

"Plaintiff," "you," or "your" shall mean Plaintiff Karl Manuel.

The phrases "refer", "relate to", "referring to" or "relating to" shall mean directly or indirectly reflecting, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

## INSTRUCTIONS

A. Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

B. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

C. For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

D. These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with FRCP 26(e).

## INTERROGATORIES

1. With respect to each and every claim against each of the Defendants in your Complaint:

a. Identify all facts that support your contentions;

b. Identify all specific behavior or conduct that you allege that each of the Defendants engaged in;

c. Provide the specific date(s) and time(s) of the factual basis of those claims;

d. Identify all person with knowledge of such contentions or facts; and

e. Identify all documents that reflect, refer or relate to such contentions or facts.

**ANSWER:**

2. Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each witness is expected to testify.

**ANSWER:**

3. Do you contend that you suffered a physical injury from the incident underlying the claims against Defendants in your Complaint? If so,

a. Describe in detail all injuries you allege to have sustained as a result of the incident, including time and date and how it relates to the Defendants;

b. When did the injury first manifest itself;

c. How did the injury manifest itself;

d. What if any symptoms did you experience;

e. Did you submit a sick call and/or medical assistance request;

f. Were you seen by medical;

g. The results of any medical examination;

h. Whether your symptoms or injuries resolved;

i. When the injuries and/or symptoms resolved;

j. Whether you have any permanent impairment and/or limitations as a result of the alleged injuries; and

k. If so what the impairment and/or limitations are.

**ANSWER:**

4. If your answer to interrogatory number 3 was yes, please set forth the amount of compensation to which you claim to be entitled as a result of the injury and how you calculated the amount you claim to be entitled to as a result of the injury.

**ANSWER:**

**5.** Describe in detail the incident where you allege that Sgt. Mucha came "to the door and cuff up", including the officers that were present and what each officer did. Include the following information,

a. Did you have any pre-existing injuries at that time;

b. Who was aware of such pre-existing injuries;

c. How were they aware of the pre-existing injuries;

d. What was the stated reason for handcuffing you in this incident;

e. Any injuries resulting from this incident;

f. Did you submit a sick call;

g. Were you seen by medical;

h. The results of any medical examination;

i. Whether your symptoms or injuries resolved;

j. When the injuries and/or symptoms resolved;

k. Whether you have any permanent impairment and/or limitations as a result of the alleged injuries; and

l. If so what the impairment and/or limitations are.

**ANSWER:**

**6.** Describe in detail the incident that allegedly occurred on November 9, 2022 when you cell was searched, including the officers that were present and what each officer did. Include the following information,

a. Did you have any pre-existing injuries at that time;

b. Who was aware of such pre-existing injuries;

c. How were they aware of the pre-existing injuries;

d. What was the stated reason for the search of your cell;

e. Any injuries resulting from this incident;

f. Did you submit a sick call;

g. Were you seen by medical;

h. The results of any medical examination;

i. Whether your symptoms or injuries resolved;

j. When the injuries and/or symptoms resolved;

k. Whether you have any permanent impairment and/or limitations as a result of the alleged injuries; and

l. If so what the impairment and/or limitations are.

**ANSWER:**

**7.** Describe in detail the incident that allegedly occurred on January, 13, 2023 when you fell leaving the shower, including the officers that were present and what each officer did. Include the following information,

a. Was there anything about the shower area that posed a risk of serious harm;

b. Were any officers presents in the shower with you;

c. Did the officer's action or inaction result in the injury;

d. Any injuries resulting from this incident;

e. Did you submit a sick call;

f. Were you seen by medical;

g. The results of any medical examination;

h. Whether your symptoms or injuries resolved;

i. When the injuries and/or symptoms resolved;

j. Whether you have any permanent impairment and/or limitations as a result of the alleged injuries; and

k. If so what the impairment and/or limitations are.

**ANSWER:**

8. Describe in detail what occurred at the disciplinary hearing where Officer Robert Heischman presided? Include the following information,

a. The disciplinary infractions addressed;

b. The officers present;

c. The documents that you alleged were falsified;

d. How the documents were falsified;

e. How you had to ‘confront’ Officer Mucha;

f. How you participated in the hearing.

**ANSWER:**

9. Describe in detail the incident where you alleged that Officer Richard Parson removed you from your cell, including

a. The stated reason for removing you from the cell;

b. What officers were present;

c. Any pre-existing disabilities that you suffered from;

d. Who was aware of your disabilities;

e. The amenities that were in your cell;

f. The amenities that were lacking in the cell you were removed to.

**ANSWER:**

10. Describe in detail the "multitude of disciplinary infractions" cited by Officer John Faulkner against you, including:

a. What officers were present;

b. The date and time of each infraction;

c. The underlying basis for each infraction.

**ANSWER:**

11. Describe in detail the denial of disciplinary infractions by Orlando DeJesus, including

a. The disciplinary infractions denied;

b. The stated reason for each denial;

c. Your understanding of each denial;

d. Were you given a written denial.

**ANSWER:**

12. Describe in detail the incident that allegedly occurred on August 8, 2023 when your cell was searched, including the officers that were present and what each officer did.

a. The stated reason for the search of the cell;

b. Did you have any pre-existing injuries at that time;

c. Who was aware of such pre-existing injuries;

d. How were they aware of the pre-existing injuries;

e. Any injuries resulting from this incident;

f. Did you submit a sick call;

g. Were you seen by medical;

h. The results of any medical examination;

i. Whether your symptoms or injuries resolved;

j. When the injuries and/or symptoms resolved;

k. Whether you have any permanent impairment and/or limitations as a result of the alleged injuries; and

l. If so what the impairment and/or limitations are.

**ANSWER:**

13. Describe in detail the allegedly false disciplinary report by Officer Brendin Mote, including

a. Other officers present when the alleged incident occurred.

**ANSWER:**

14. Identify all individuals that you communicated with regarding the facts or allegations stated in the Complaint. Please include a description of the mode and manner of such communication and the time and date.

**ANSWER:**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Sehr M Rana*
Sehr M. Rana (#5100)
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
*Attorney for Defendants*

Dated: November 25, 2025

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 25, 2025, she caused a true and correct copy of the attached *Defendants' First Set of Interrogatories Directed to Plaintiff* to be filed with the Clerk of Court using CM/ECF and will send notification to the following via in-house mail and/or U.S. Mail:

Karl B. Manuel
SBI# 00332040
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Sehr M. Rana* ____
Sehr M. Rana (#5100)